UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RHONDA SAUNDERS | ) | |
| | ) | |
| v. | ) | NO. 2:05-cv-39 |
| | ) | (Cr: 2:02-CR-23) |
| UNITED STATES OF AMERICA | ) | Jordan/Inman |

**MEMORANDUM OPINION**

Rhonda Saunders has filed a *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. In April of 2004, the petitioner pled guilty to and was convicted of one count of conspiracy to distribute and possession with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § § 846 and 841(a)(1). For this offense, she was sentenced to a 120-month term of imprisonment, to five years of supervised release, and to pay a $100 assessment. She did not seek direct review in the United States Court of Appeals for the Sixth Circuit.

The petitioner now brings this § 2255 motion to vacate, asserting, as her sole ground for relief, that her sentence was enhanced on the basis of a judge-made finding that 500 grams of crack cocaine were involved in the offense of conviction—an amount of drugs which represented a ten-fold increase over the 50 grams charged in the indictment—and that this violated her right to a jury trial as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. She bases her allegations of a constitutional infringement upon the holding in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),

one of a series of cases following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which includes *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1] However, for the reasons stated below, the United States Attorney will not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

As a general rule, a petitioner seeking § 2255 relief may not rely on new rules of criminal procedure announced after her conviction has become final on direct appeal. *Schriro v. Summerlin*, ___ U.S. ___, ___, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004). Indeed, the Sixth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005).[2]

Here, the petitioner's order of judgment was entered on the Court's docket on April 30, 2004. The petitioner took no appeal and, thus, her conviction became final 10 days later (i.e., on May 10, 2004), when the time for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b). *Booker* was decided on January 12, 2005. Therefore, her *Booker*-based claim (that her Guidelines sentence enhancement violated her right to a jury determination of the drug

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holds that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely*, the Supreme Court held that the state court ran afoul of *Apprendi* and violated a defendant's Sixth Amendment right to a trial by jury by imposing, under the state's sentencing scheme, a 90-month sentence, based on a judge's determination that the offender had acted with "deliberate cruelty," where the facts admitted in his guilty plea, standing alone, supported a maximum sentence of 53 months. *Booker* applied the *Blakely* reasoning to the Federal Sentencing Guidelines.

[2] The petitioner's *Blakely* arguments are controlled by *Booker*. *See Humphress*, 398 F.3d at 859.

amount) cannot be considered in her § 2255 motion because the *Booker* rule does not apply retrospectively to cases on collateral review.³

Moreover, even if the Court could take these *Booker* arguments into account, they would not furnish the petitioner any basis for relief. This is so because she stipulated in the agreed factual basis, which she signed and which was incorporated into her signed plea agreement, that the conspiracy involved 500 grams of cocaine base. (Docs. 29 and 30 in Criminal Case No. 2:02-cr-23). Moreover, at sentencing, the petitioner averred that she had read the plea agreement and the agreed factual basis which had been filed by the Government as its statement of the case and that the documents were accurate and true. Since the petitioner admitted that the offense for which she was convicted involved 500 grams of cocaine base, imposing a sentence on the basis of this quantity of cocaine comports with the *Booker* ruling and does not violate her right to a jury. *See Booker*, 125 S.Ct. at 756 ("Any fact [other than a prior conviction] which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (italics added).

---

³ Though the *Apprendi* rule is not retroactive either, *see Goode v. United States*, 305 F.3d 378, 385 (6th Cir.2002), any asserted right based on *Apprendi* would involve an issue of procedural default (or waiver)—not retroactivity. This is so because the 2000 decision in *Apprendi* preceded the petitioner's 2004 conviction, (Doc. 82 in Criminal Case No. 2:02-cr-23), and because *Appendi*-based claims raised on collateral review but not offered at sentencing or on appeal, generally, are procedurally defaulted. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (requiring a petitioner who had failed to raise an issue at sentencing or on appeal to show cause and prejudice for his double default).

3

An order will enter in accordance with this opinion.

ENTER:

                                                                 s/ Leon Jordan
                                                United States District Judge

4

Case 2:02-cr-00023  Document 124  Filed 07/18/05  Page 4 of 4  PageID #: 39